**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

IN RE:

IRA SAMUEL BACK and                                            CASE NO. 15-50131
HAZEL JEAN BACK

DEBTORS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Debtors' Objection to Claim [Doc. 49] regarding the Amended Proof of Claim [POC 12-2] of John and Janet Hutchinson. The Hutchinsons filed their Response to Objection to Amended Claim [Doc. 56] and a hearing was held July 1, 2015. The parties then filed their Joint Stipulations [Doc. 84] and briefs [Doc. 88 – Creditors' Brief on Issue of Validity of Lien; Doc. 89 – Brief for Debtors], after which the matter was submitted.

The Hutchinsons obtained a judgment against the Debtors on September 9, 1996, [Doc. 84], from the Morgan County Circuit Court (Civil Action No. 95-CI-00141) in the original amount of $19,698.40 (the "Judgment"). [POC 12-2 at 5] On September 8, 1998, the Hutchinsons filed a judgment lien [POC 12-2 at 4] against the Debtors in the Fleming County Clerk's Office to enforce the Judgment (the "Judgment Lien"). [Doc. 84] On September 2, 2013, the Hutchinsons filed a motion to intervene to enforce the Judgment and Judgment Lien in a state-court foreclosure action pending against the Debtors in Fleming County, Kentucky. [*Id.*] An order allowing intervention was granted on September 26, 2013, and the Intervening Complaint was entered the same day. [*Id.*]

The Debtors contend that the Hutchinsons' claim is time-barred pursuant to Kentucky's 15-year statute of limitations for actions upon a court judgment. KY. REV. STAT. § 413.090(1). This statute provides:

> [T]he following actions shall be commenced within fifteen (15) years after the cause of action first accrued:
>
> > (1) An action upon a judgment or decree of any court of this state or of the United States, or of any state or territory thereof, the period to be computed from the date of the last execution thereon; . . . .

*Id.*

If the Hutchinsons did nothing to enforce the Judgment after filing the Judgment Lien, the 15-year limitations period would have ended on September 7, 2013. The Hutchinsons argue, however, that the 15-year limitations period restarted on September 2, 2013, when they moved to intervene in the Fleming County foreclosure action. The Debtors do not agree that filing the motion to intervene is enough. They assert execution under Ky. Rev. Stat. § 413.090(1) would only occur when the order allowing the intervening complaint was entered, which occurred on September 26, 2013, after the limitations period expired. [Doc. 89 at 2]

The Kentucky Supreme Court recently looked at this statute and adopted a broad definition of the term "execution." *Wade v. Poma Glass & Specialty Windows*, 394 S.W.3d 886, 895 (Ky. 2013). The Kentucky Supreme Court summarized its conclusion:

> We are persuaded that the term *execution* in the statute of limitations for actions on judgments is defined as an act of enforcing, carrying out, or putting into effect the judgment, including garnishments and judgment liens. The fifteen-year statute of limitations for an action upon a judgment is computed from the date of the last act enforcing, carrying out, or putting the judgment into effect, including garnishment proceedings and judgment liens.

*Id.* at 887.

No case was found addressing a motion to intervene as an execution under Ky. Rev. Stat. § 413.090(1), but motions to intervene have satisfied other limitations periods. *Farris v. Sears, Roebuck & Co.*, 415 F. Supp. 594, 596 (W.D. Ky. 1976); *see also Jack v. Travelers Ins. Co.*, 22 F.R.D. 318 (E.D. Mich. 1958). The District Court in *Farris* had to determine if the filing of a

notice of an intent to intervene to assert a malicious-prosecution claim was "commenced within one (1) year after the cause of action accrued …." *See* KY. REV. STAT. § 413.140(1)(c). The District Court determined the motion to intervene was not the commencement of an action, but it was enough to toll the one-year limitations period. *Farris*, 415 F. Supp. at 595-96. The District Court in the Eastern District of Michigan reached a similar conclusion:

> [A] motion to intervene which sets forth the cause of action sought to be asserted, or which has attached thereto a copy of the proposed complaint, is sufficient compliance with the statute of limitations, if such motion is properly filed prior to the running of the statute, and properly served on defendant(s) without delay.

*Jack*, 22 F.R.D. at 319.

The United States Court of Appeals for the Fifth Circuit expressed similar reasons for adopting the same approach:

> We have found, however, almost unanimous agreement among the district courts addressing the question: the filing of the motion for intervention, and not the later approval of the motion and actual filing of the complaint, determines the commencement of the action for purposes of the statute of limitations. We find this rule to be the only sensible one and adopt it as our own. Once the party seeking intervention has filed its motion to intervene with its proposed complaint, it has done all it can do, in a timely sense, to commence its action. The complaint cannot be filed until the court approves the intervention. . . . We see no justification for a rule that would bar a meritorious action as untimely because of a congested court docket or other circumstances over which the claimant has absolutely no control.

*United States ex rel. Canion v. Randall & Blake*, 817 F.2d 1188, 1192 (5th Cir. 1987) (internal footnote collecting cases omitted).

If a motion to intervene satisfies the commencement of an action for purposes of the one-year limitation period for actions covered by Ky. Rev. Stat. § 413.140(1)(c), it is reasonable to conclude that a motion to intervene is an execution on the Judgment and Judgment Lien under

3

Ky. Rev. Stat. § 413.090(1).  Therefore, the Hutchinsons' amended proof of claim is not time-barred.

The Debtors' objection also challenges the calculation of the claim amount on two grounds:  (1) previous payments were applied to interest rather than principal, thereby increasing the debt; and (2) the Debtors are unable to duplicate the calculation of the total claim, suggesting that the calculation is incorrect.  The Hutchinsons responded to these arguments, [Doc. 56 at 2; POC 12-2 at 3], but the Debtors have not addressed the responses by the Hutchinsons or identified any error in the calculation of the claim amount.  Therefore, the Debtors did not satisfy their initial burden of proof to overcome the proof of claim's status as "prima facie evidence of the validity and amount of the claim."  See Fed. R. Bankr. P. 3001(f); see also, e.g., In re Hill, 13-50707, 2014 WL 801517, at *5 (Bankr. E.D. Ky. Feb. 28, 2014).

For the foregoing reasons, the Debtors' Notice and Opportunity for Hearing and Objection to Claim [Doc. 49] is OVERRULED.

4

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Gregory R. Schaaf*
**Bankruptcy Judge**
Dated: Monday, August 03, 2015
(grs)